D. BATCHELDER, *v.* HILOS TENNEY.

*Abandoning exceptions. Costs.*

Where exceptions are allowed by the county court with a stay of execution and the exceptions are actually filed, if they are subsequently abandoned, the recovering party will be entitled to an affirmance of his judgment in the supreme court, even if he has no liens upon property or rights against bail, which renders such an affirmance neccessary.

Batchelder *v.* Tenney.

If the costs depend upon the discretion of the court trying the case, the supreme court will not exercise that discretion in reference to the costs in the county court, where that court has omitted to do so.

In this case the county court decided the case, upon demurrer, for the defendants. The plaintiff had exceptions allowed which were filed during the term. Some weeks before the commencement of this term, the counsel for plaintiff gave notice to the opposite counsel, that he should abandon his exceptions. The execution was stayed by the county court.

BY THE COURT: It has been the practice of this court, where the execution is stayed in the county court, upon exceptions actually filed, to affirm the judgment of the county court. It was said by the plaintiff's counsel, that he did not intend to have had the exceptions filed, but the judge handed them to the clerk without his knowledge. We can only look to the record in the case. If the exceptions and stay of execution are minuted upon the docket, but no exceptions are in fact filed, within thirty days, the statute provides that execution shall issue, the same as if no such minute had been made, at the expiration of the thirty days. In such cases the cause never comes into this court. But the exceptions being filed and the execution stayed, the judgment must be affirmed in this court, to save liens upon property and bail, where such rights exist; and to save deciding every case, upon its particular facts, and embarrassing ourselves and the profession, with constant uncertainty, in regard to such questions, we long ago adopted the rule above stated.

The defendant's counsel now interposed a motion for double costs in the county court, this being an *audita querela,* upon the ground that it was brought for delay.

BY THE COURT: That is a discretion to be exercised by the county court, in the first instance, certainly, and one which we could not ordinarily exercise in this court. Where costs depend in any manner, upon the discretion of the court trying a cause, we never exercise any such discretion, in the first instance, in regard to the costs of the trial in the county court. We should, in fact, be in no situation to do so, unless all the facts in the case were, by that court,

51

reported to us, and then ordinarily it is very difficult to give, upon paper, all the minute circumstances, which might properly affect such a question.

Judgment affirmed.